FILED
2005 Jul-22  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **CAROLYN ALEXANDER,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case Numbers:   CR 02-S-73-J** |
| | ) | **CV03-S-8038-J** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

On September 29, 2003, the movant, Carolyn Alexander, filed a motion pursuant to 28 U.S.C. § 2255, challenging her conviction and sentence in this court for conspiracy to possess within intent distribute between 1.5 and 5 kilograms of methamphetamine.  She pleaded guilty to that offense on April 30, 2002, and was sentenced to 97 months' custody on September 23, 2002.  The movant is incarcerated at the Federal Prison Camp in Marianna, Florida.  On February 8, 2005, movant filed an amendment to her motion, asserting for the first time that her sentence violates the Supreme Court's Booker/Fanfan decisions because it was grounded in facts found by the court, rather than by a jury.

# I. PROCEDURAL HISTORY

On April 30, 2002, the movant entered a guilty plea to one count of conspiring to manufacture, distribute, and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A).  On September 18, 2002, movant was sentenced to 97 months in prison.  She did not file an appeal.  Movant was represented at the plea hearing and at sentencing by Richard Thigpen.

On September 29, 2003, movant filed the instant motion to vacate her conviction pursuant to 28 U.S.C. § 2255, setting forth the following claims:

(1) That the court should have considered her "significantly reduced mental capacity" at sentencing;

(2) That she was denied effective assistance of counsel in that her attorney:  (a) failed to move for a downward departure based on movant's reduced mental capacity at the time her offense was committed; (b) failed to object to the quantity of drugs for which petitioner was held accountable; (c) advised movant to accept a "badly altered" plea agreement (which she declined); (d) failed to reschedule a meeting with a federal agent in order for her to provide further assistance to the Government; (e) maintained "poor contact" with movant during representation; and (f) advised movant that filing a direct appeal would not be wise; and

(3) That the court should consider a downward departure pursuant to United States Sentencing Guidelines § 5K2.19 based on movant's post-offense rehabilitative efforts.

Pursuant to the court's order to show cause, the Government filed an answer on October 29, 2003, supported by exhibits.  On October 30, 2003, the magistrate judge

notified the parties that the answer would be considered for summary disposition, and the movant was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>.  On November 26, 2003, movant filed a reply to the answer.

On February 8, 2005, filed a motion to amend her § 2255 motion, alleging that her sentencing violated the principles in the Supreme Court's <u>Booker/Fanfan</u> decision because the court made findings of fact relevant to sentencing, rather than those facts being found by the jury beyond a reasonable doubt.  For the reasons explained below, this will be denied.

## II.  PROCEDURAL DEFAULT

The Government asserts that movant's first and third claims are procedurally defaulted because the movant could have raised them at trial and on direct appeal but did not.  Because they are being raised for the first time in the § 2255 motion, the claims cannot be reviewed on the merits absent a showing of "cause and prejudice" by the movant, explaining and excusing her failure to raise the claim at trial and on direct appeal.  In <u>United States v. Frady</u>, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982), the Supreme Court made clear that federal claims implicating the validity of a conviction or sentence must be raised at the earliest appropriate time, and that the claims that could be argued on direct appeal cannot be asserted in a collateral § 2255

3

motion unless there is "cause and prejudice" excusing the appellate default.  "[A]

collateral challenge may not do service for an appeal."  Id. at 165.  Adopting the

"cause and prejudice" standard for § 2255 motions, the Supreme Court explained:

> Under this standard, to obtain collateral relief based on trial errors to
> which no contemporaneous objection was made, a convicted defendant
> must show both (1) "cause" excusing his double procedural default, and
> (2) "actual prejudice" resulting from the errors of which he complains.

Id. at 167-168.  The "double procedural default" mentioned by the court is a clear

reference not only to the failure to make a contemporaneous trial objection, but also

to the failure to assert the issue on direct appeal.  The Eleventh Circuit has similarly

applied the "cause and prejudice" standard for analysis of procedural defaults in the

§ 2255 context.  In Parks v. United States, 832 F.2d 1244 (11th Cir. 1987), the

Eleventh Circuit Court of Appeals held that alleged errors in sentencing could not be

raised for the first time in a § 2255 habeas action without a showing of "cause and

prejudice" excusing the failure to assert the claims on direct appeal.

In the instant case, it is clear that the movant procedurally defaulted these

claims by failing to raise any of them in a direct appeal.  Plainly, both of these

sentencing issues should have been raised at the time of sentencing in order to

preserve them for an appeal.  Be there was no direct appeal, the question becomes

whether "cause and prejudice" exists that excuses the default.  Movant has argued that

her counsel's ineffectiveness constitutes "cause" to excuse the default. As discussed in detail *infra*, the movant has failed to demonstrate that her attorney provided ineffective assistance by failing to seek an appeal in this matter; accordingly, the movant has not made a sufficient showing of "cause and prejudice" excusing the default. Thus, movant's Claims 1 and 3 are due to be dismissed.

## III. MERITS

The Government asserts that both Claims 1 and 3 also are due to be dismissed because they are without merit. Movant's first claim is that the court should have granted a downward departure pursuant to United States Sentencing Guidelines § 5K2.13 on the basis she was suffering from a "significantly reduced mental capacity." To be eligible for such a downward departure, a defendant must have a "significantly impaired ability" to understand the wrongfulness of her illegal conduct or to control conduct that she knows is wrong. United States Sentencing Guidelines § 5K2.13 (2002), Application Note 1. Nothing in the evidence presented to this court demonstrates either that movant was unable to understand the wrongful nature of her conduct, or that she was in any way unable to control her actions during the conspiracy that spanned almost two years, beginning in April 2000. To the contrary, the mental-health assessment notes provided by movant indicate that she was

prescribed medication to treat her depression and anxiety.[1]  Furthermore, as the Government points out, movant admits she was addicted to methamphetamine.  In addition to proving that she did not understand the wrongfulness of the conduct or could not control that conduct, movant also would have to demonstrate that her voluntary use of the illegal drug did not cause her reduced mental capacity.  See U.S.S.G. § 5K2.13.[2]  This movant has not even attempted to show that her admitted drug use was not a cause of her alleged diminished capacity.  Accordingly, her claim that the court erred in failing to grant a departure for diminished capacity is without any basis in fact or law and Claim 1 is due to be denied.

Movant's other claim of error is set forth as Claim 3, in which she alleges that the court should consider a downward departure based upon her post-offense rehabilitation, is unsupported in law.  As the Government points out, the Eleventh Circuit Court of Appeals has determined that a downward departure may be applied only to reduce the criminal history category of a defendant, and not by impacting the offense level.  United States v. Pickering, 178 F.3d 1168, 1174-75 (11th Cir. 1999).

---

[1]     The physician's notes indicate that movant was prescribed Prozac and Xanax for depression, anxiety, and panic attacks, and that she was referred to a therapist for ongoing treatment.

[2]     The Guideline states that "the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants."

In this case, the movant was sentenced using a criminal history of Category I, the lowest possible category. Accordingly, even assuming *arguendo* that movant's post-rehabilitative efforts are of the "extraordinary" type that would justify any departure, and even assuming that the prohibition on such departures set forth in U.S.S.G. 5K2.19 does not apply to movant,[3] Claim 3 still is without merit and is due to be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The movant claims that she received ineffective assistance of counsel because her attorney: (a) failed to move for a downward departure based on movant's reduced mental capacity at the time her offense was committed; (b) failed to object to the quantity of drugs for which petitioner was held accountable; (c) advised movant to accept a "badly altered" plea agreement (which she declined to do); (d) failed to reschedule a meeting with a federal agent in order for her to provide further assistance to the Government; (e) maintained "poor contact" with movant during representation; and (f) advised movant that filing a direct appeal would not be wise.

---

[3]     The court need not decide for purposes of resolving this claim whether the prohibition against a reduction in sentence based on post-conviction rehabilitation set forth in § 5K2.19, which became effective November 1, 2000, applies to the movant, who was sentenced for her part in a conspiracy that spanned April 2000 to February of 2002.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

In order to show ineffectiveness of counsel, the movant must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S.

8

at 690.  The effectiveness or ineffectiveness must be evaluated by consideration of the totality of the circumstances.  <u>Stanley v. Zant</u>, 697 F.2d 955, 962 (11th Cir. 1983).  The court must remember that a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation.  <u>Stone v. Dugger</u>, 837 F.2d 1477 (11th Cir. 1988).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice.  Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice.  <u>See</u> <u>Strickland v. Washington</u>, *supra*.  Prejudice means a reasonable probability that the outcome of the proceeding would have been different had the errors not occurred.

### A. Mental Capacity

The movant first contends that she received ineffective assistance of counsel because her attorney failed to move for a downward departure based on movant's alleged reduced mental capacity at the time she committed the crime.  In support of this claim, movant has provided what appears to be an "initial assessment" of movant, apparently prepared by a psychiatrist, on January 26, 2000.  The assessment indicates

that the movant suffered from anxiety attacks and severe depression.[4]  In response, the Government argues that the evidence offered does not establish the existence of any basis for a downward departure based on reduced mental capacity.[5]  The Government correctly notes that, to be eligible for such a downward departure, a defendant must have a "significantly impaired ability" to understand the wrongfulness of her illegal conduct or to control conduct that she knows is wrongful.  United States Sentencing Guidelines § 5K2.13 (2002).  Nothing in the evidence presented to the court now, or available to counsel then, demonstrates either that movant was unable to understand the wrongful nature of her conduct or that she was in any way unable to control her actions during the conspiracy that spanned almost two years, beginning in April 2000.  To the contrary, the assessment notes provided by movant indicate that she was prescribed medication to treat her depression and anxiety.[6]  Furthermore, as the Government points out, movant admits she was addicted to methamphetamine.

---

[4]    The court notes that the assessment is dated more than three months before the first acts that were alleged to have been part of the crime occurred.

[5]    The court notes that movant makes the bare allegation that she also suffered from post-traumatic stress syndrome.  This allegation, however, is unsupported by any evidence.

[6]    The physician's notes indicate that movant was prescribed Prozac and Xanax for depression, anxiety, and panic, and that she was referred to a therapist for ongoing treatment.

In addition to proving that she did not understand the wrongfulness of the conduct or could not control that conduct, movant also would have to demonstrate that her voluntary use of the illegal drug did not cause her reduced mental capacity.  See U.S.S.G. § 5K2.13.  Movant has not even attempted to do so.  Accordingly, her claim that counsel was ineffective because he failed to seek a departure for diminished capacity is without any basis in fact or law.  There simply was no factual basis for counsel doing so.  Movant has failed to prove either of the two prongs of the Strickland test, and Claim 2(a) is therefore due to be denied.

### B. Drug Amount

Movant asserts that her attorney rendered ineffective assistance in that he failed to challenge the amount of methamphetamine that she conspired to manufacture, distribute, and possess.  This claim is based solely on her contention that co-conspirators challenged the amounts attributed to them and were successful in their claims.  That allegation, even if true, has no relevance to movant's claim.  Movant pled guilty and stipulated in the plea agreement to the amount as part of her plea agreement.  During the plea colloquy, she told the court that she understood, and admitted to, the amount of methamphetamine specified in the plea agreement.  Accordingly, movant has failed to demonstrate that her counsel was in any way incompetent for failing to challenge that amount of drugs attributable to her, an

amount she herself admitted to.  Accordingly, Claim 2(b) is without merit and is due to be denied.

### C. "Badly Altered" Plea Agreement

Movant alleges that her attorney rendered ineffective assistance of counsel in that he advised her to sign a plea agreement that contained "white-outs" and other alterations.  She declined to sign that agreement, however.  First, the court notes that the movant has failed to demonstrate that her attorney was in any way ineffective in giving her the advice to sign the document.   Second, movant did not sign the document, thereby rejecting the "incompetent" advice.  In sum, movant has failed to demonstrate that the advice fell below the standard required by Strickland, and she also has failed to demonstrate that she was prejudiced by any advice to sign the agreement.  Accordingly, Claim 4(c) also is due to be dismissed.

### D.  Failure to Reschedule "Debriefing"

Movant asserts that her attorney was ineffective in that he failed to reschedule a "debriefing" with a federal agent after her meeting was cut short because of distractions.  She alleges that, because she did not meet with the agent a second time, she did not provide "additional assistance" to the Government as would justify a sentence reduction pursuant to United States Sentencing Guidelines § 5K2.1.   In support of this claim, movant asserts that  a small child was present at the meeting and

Case 6:03-cv-08038-CLS-TMP   Document 2   Filed 07/22/05   Page 13 of 15

distracted the agent, causing the agent to cut the meeting short.  Movant has failed, however, to demonstrate either that she had any additional information to provide to the Government or that she was unable to offer the assistance in the absence of an additional meeting.  Such conclusory arguments are insufficient to support a claim of ineffective assistance.

In any event, movant received a downward departure on the Government's motion.  As originally calculated, her sentencing range was 135 to 168 months, but the Government moved for a downward departure, which was granted, and she was sentenced to 97 months.  Plainly, even if her debriefing was interrupted and never rescheduled, it resulted in no harm to her.   Accordingly, she has failed to show that she was in any way prejudiced by counsel's alleged failure to reschedule the meeting, and Claim 2(d) is due to be denied.

**E.  Communication**

Movant asserts that her attorney refused to communicate with her during his representation of her.  Movant makes the bare allegation that "contact with counsel was poor during every aspect of representation"; otherwise, her claim is completely unsupported. Accordingly, Claim 2(e) is without merit and is due to be denied.

13

### F.  Failure to Appeal

Movant's final claim is that her attorney advised her that it would not be wise to file a direct appeal.  This claim appears to be little more than a wish, in hindsight, that she had appealed her conviction.  Moreover, as discussed *supra*, movant has failed to assert any grounds on which an appeal might have been merited or on which relief might have been granted.  If there was no meritorious claim to appeal, an attorney cannot have been ineffective for having failed to raise it; likewise, a defendant cannot have suffered any prejudice from the failure to raise a non-meritorious issue on appeal.  Accordingly Claim 2(f) also is due to be dismissed.

### V. MOTION TO AMEND

On February 8, 2005, the movant filed a motion for post-trial relief, to modify sentencing order and to provide an updated presentence investigation report.  The court deems the motion one to seek to amend her § 2255 motion to assert a claim under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Because it is now well-settled that such claims cannot be asserted on collateral challenges to convictions, the motion to amend is due to be denied.  See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal

14

procedure that do not apply retroactively to § 2255 cases on collateral review.");
<u>Lundin v. United States</u>, 131 Fed. Appx. 677 (11th Cir. 2005); <u>Cook v. Bryant</u>, 2005
WL 1540132, *1  (11th Cir. 2005).

Even if <u>Booker</u> applied retroactively, there would be no violation here because
movant stipulated to the drug amounts used to calculate her Guideline sentence.  In
effect, movant admitted in the plea agreement that she was involved with the
possession and/or distribution of 1.5 to 5 kilograms of methamphetamine.  <u>Blakely</u>
and <u>Booker</u> are not violated when either the jury makes such necessary findings or the
defendant admits the facts, as she did here.  Clearly, the amendment is futile and is
due to be denied.

By separate order, the court will deny the motion to amend the § 2255 motion,
as well as the § 2255 motion itself.

The Clerk is DIRECTED to mail a copy of the foregoing to the movant.

DONE this 22nd day of July, 2005.

_____
United States District Judge

15